IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TARIQ ABU MUSAWWIR, 40233-086,**

**Petitioner,**

    vs.

**J.S. WALTON,**

**Respondent.**                                                Case No. 13-cv-590-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner, currently incarcerated in the United States Penitentiary at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241to challenge the execution of his sentence. He is serving 115 months for conspiracy to distribute drugs. The petition was filed on June 20, 2013 (Doc. 1).

    Petitioner was charged with "code 296, abuse of mail" for sending an email request for the recipient to access petitioner's email account and send him names and phone numbers found there (Doc. 1-1, p. 1). He was found guilty on January 31, 2012, of a different code violation and was punished with the loss of 27 days of good conduct time. Later, the charge was reviewed and changed back to a "code 296." *Id*.

    He argues that the hearing was improperly conducted and that he was denied due process. He raises four grounds for relief. During the hearing, reference was made to petitioner's alleged previous attempts to circumvent mail

monitoring procedures, however, he had never been disciplined before for any such matter (Doc. 1, p. 7). He asserts that the introduction of this information violated prison policy. Secondly, the hearing officer refused to give petitioner or his staff representative copies of the emails that gave rise to the charges and the accusations of prior improper actions (Doc. 1, p. 8). He also claims that Bureau of Prisons ("BOP") rules were violated because the charge was brought by an intelligence analyst at the "Counter Terrorism Unit," which is not an entity within the BOP (Doc. 1, p. 9). Finally, he was not given 24-hour notice that the charge against him would be changed to a "code 299" violation instead of a "code 296" (Doc. 1, p. 10).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 2nd day of July, 2013.

David R. Herndon
2013.07.02
08:28:17 -05'00'

**Chief District Judge**
**United States District Court**