IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TARIQ ABU MUSAWWIR,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  13-cv-590-CJP[1] |
| | ) |
| L. LaRiva, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Tariq Abu Musawwir filed a petition for writ of habeas corpus under 28 U.S.C. §2241 challenging the loss of 27 days of good conduct credit imposed as a sanction pursuant to a prison disciplinary proceeding.  (Doc. 1).

**Relevant Facts and Procedural History**

Musawwir is serving a 115 month sentence and five years of supervised release for conspiracy to distribute cocaine, marijuana, and oxycodone. His projected release date via good conduct credit is January 14, 2019. See, Doc. 7, p. 14.

In November 2011, petitioner Musawwir was located at the United States Penitentiary at Marion, IL (USP Marion). An intelligence analyst within the "Counter Terrorism Unit" (CTU) there discovered that Musawwir sent an email to a woman named Sarah Kelly and instructed her to access another inmate's email for the purpose of obtaining names and telephone numbers. On

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 13.

1

November 30, 2011, Musawwir was issued an incident report charging that he committed a code 296 offense of mail abuse. Doc. 1, Ex. D.

During an investigation of the incident, petitioner was informed of his rights and the charges of which he was being accused. Musawwir was told that if he invoked his right to remain silent his silence could be used to draw an adverse inference against him at any stage of the disciplinary process. He was given an opportunity to respond to the charges and Musawwir stated, "it is what it is." Doc 7, Ex. B.

On January 31, 2012, the Discipline Hearing Office (DHO) held a disciplinary hearing and petitioner was appointed staff representation. Musawwir denied the allegations but also stated he worded a portion of the email a certain way as to avoid questions from the recipient. Doc. 1, Ex. E. During the hearing, reference was made to Musawwir's alleged previous attempts to circumvent mail monitoring procedures. Doc. 1, p. 7.

The DHO found Musawwir guilty of a Code 299 most like a 296 at the hearing. He was sanctioned with a loss of 27 days of good conduct credit and a loss of 180 days of email. Doc. 1, Ex. E. Petitioner filed an administrative remedy appeal in which he complained he was not allowed to review admitted evidence and never received an incident report for a previous email rejection. He also claimed he did not try to pass information, but rather directed someone to access something. This appeal was denied and it was determined the behavior was best supported by the Code 296. Petitioner filed an appeal regarding his inability to view evidence and "other issues" with the Central

Office. Doc. 7, Ex. C.

## Claims Raised in the Petition

Petitioner claims that his due process rights were violated in the following respects:

1. The Bureau of Prisons referenced petitioner's alleged previous violations that were not supported by disciplinary actions or hearings.

2. He and his staff representative were not given a copy of the emails referenced in the incident report.

3. The person who wrote the incident report was a not a Bureau of Prisons employee.

4. He was not given 24 hour notice that the code he was accused of violating changed from Code 299 to Code 296.

## Applicable Legal Standards

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241. **Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983).**

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." **Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974).** The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and

(4) a written statement as to the evidence relied on and the reason for the decision. ***Wolff,*** **94 S.Ct. at 2978-2980;** ***Henderson v. U.S. Parole Commission,*** **13 F.3d 1073, 1077 (7th Cir. 1994).**

The findings of the disciplinary hearing officer must be supported by "some evidence in the record." ***Superintendent v. Hill,*** **105 S.Ct. 2768, 2773 (1985).** This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." ***Id***.

Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. ***Meeks v. McBride,*** **81 F.3d 717, 720 (7th Cir. 1996)**. The evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. ***Viens v. Daniels,*** **871 F.2d 1328, 1334-1335 (7th Cir. 1989)**. Further, only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." ***Hamilton v. O'Leary,*** **976 F.2d 341, 346 (7th Cir. 1992).**

## Analysis

This Court will first look at the procedural history of the case at hand since federal prisoners must exhaust administrative remedies before bringing a petition under §2241. The Seventh Circuit has held that "[a] common-law exhaustion rule applies to §2241 actions." ***Richmond v. Scibana,*** **387 F.3d 602, 604 (7th Cir. 2004);** ***See also, Jackson v. Carlson,*** **707 F.2d 943, 949 (7th Cir. 1983).** The Bureau of Prisons ("BOP") has instituted a system of

4

administrative remedies for prisoners to resolve grievances and exhaust their administrative remedies. **28 C.F.R. §542.10 *et seq.***

First, if an inmate is unsatisfied with a DHO finding he must present the issue informally to prison staff and the staff must attempt to informally resolve the issue before an inmate can request an administrative remedy. **28 C.F.R. §542.13(a).** An inmate can then file an appeal with the regional office within "20 calendar days following the date on which the basis for the request occurred." **28 C.F.R. §542.14(a).** Next, if the inmate does not agree with the decision of the regional office, he may file an appeal with the central office in Washington D.C. **28 C.F.R. §542.15.** Only after following these procedural steps is a claim considered exhausted and the inmate can bring his claim before this Court in a §2241 action. An inmate cannot raise an issue at any appeal stage that was not presented in the lower level filings, and the appeals must specifically state the reason for the appeal. **28 C.F.R. §542.15(b)(1)&(2).**

Here, petitioner appealed the DHO finding to the regional office arguing that he was not allowed to review admitted evidence, he had no previous reports for disciplinary actions, and he did not "attempt to pass information" but rather attempted to direct someone to access something. Doc. 7, Ex. C. Musawwir's appeal was denied and he filed an appeal for these claims with the Central Office. He raised the argument that his staff representative was unable to view the email referenced in the DHO hearing and "other issues".

It is evident that petitioner did not exhaust his administrative remedies regarding his claims of not receiving proper notice of the Code 296 and the

5

report being written by an improper party. Those claims must be dismissed as procedurally defaulted. Additionally, Musawwir did not state with specificity what the "other issues" were that he attempted to raise with the central office in his second appeal. The statute requires specificity, and the vague language of the second appeal does not seem to satisfy this requirement. **28 C.F.R. §542.15(b)(1).** Therefore, the only issue that petitioner fully exhausted and this Court can properly hear is that he and his staff representative were not given copies of the evidence used at his hearing.

Even if we were to assume, for arguments sake, that all of Musawwir's claims were procedurally valid with the inclusion of "other issues" in his appeal to the central office, he has not demonstrated that he was denied due process in connection with the disciplinary proceedings.

Musawwir's first claim involves statements made in the initial incident report. The last sentence of the report's description states petitioner had "attempted to circumvent mail monitoring procedures numerous times by utilizing approved contacts to forward information for inmate Roman, in violation of inmate monitoring procedures." Doc 1, Ex. D. Musawwir argues that this reference was prejudicial and violated inmate discipline policy, as he had never been disciplined for any such matter. Doc. 1, p. 7.

The specific evidence relied upon to support the findings section within the DHO's hearing report shows they analyzed the facts surrounding the one email petitioner sent. For example, they looked at how they knew the email address Musawwir directed someone else to open was that of another inmate.

6

They also looked at the contents of the email and determined petitioner attempted to relay information for another inmate. The DHO stated that they reviewed memoranda from the intelligence analyst that discovered the email which included a reference to petitioner's previous unsuccessful attempts to email several people for the same inmate.

Petitioner argues that the reference to these attempts caused him to suffer a disallowance of good conduct credit. However, there is no indication that the DHO relied upon the information from the intelligence analyst regarding petitioner's previous emails in determining to revoke some of Musawwir's good conduct credits. The DHO report makes it evident that they relied on the facts of the incident for which petitioner was charged. A violation of Code 296 is a high severity level prohibited act and violation of the code calls for disallowance of good conduct time. **See, 28 C.F.R. §541.1-541.8.** Musawwir has not provided any evidence that the slight reference to alleged previous acts resulted in prejudice or additional sanctions. This Court agrees with respondent that whether petitioner had committed similar acts in the past does not change the finding that he committed the specific misconduct on the particular date which he was charged. As such, Musawwir's due process rights were not violated by the mention of previous alleged infractions in the memoranda the DHO reviewed.

Petitioner's second claim is that he and his staff representative were not given copies of the emails that gave rise to the charges which is a violation of his due process rights. Doc. 1, p 8. Petitioner presents evidence that

7

Musawwir's representative first stated he could not remember if he reviewed the emails at the hearing. A few days later when speaking with petitioner, the representative stated he did not see the emails in the hearing but recalled the DHO addressing the subject and entering them as evidence. Doc. 1, Ex. C. Respondent, however, denies that Musawwir or his representative ever requested copies of the email. Doc. 7, p. 8.

On appeal, the regional office addressed this issue stating that the hearing was conducted in accordance with Program Statement 5270.09. The program statement says that "the DHO must give a copy of the investigation and other relevant materials to the inmate's staff representative, *if requested*, for use on the inmate's behalf." **28 C.F.R. §541.5(b)(2) implementing instructions (emphasis added).** There is no evidence on record that petitioner or his representative ever requested a copy of the emails or they were unable to review the email at the hearing. The records from the date of the hearing show that petitioner wanted to check on the rejection of the prior incident. His representative checked and Musawwir had no further requests. They also show that petitioner received a copy of the incident report which contained a detailed summary of the contents of the email. Doc. 1, Ex. E.

Additionally, the Supreme Court in *Wolff* held that the minimum requirements in order for due process rights to be upheld in a similar proceeding are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly

8

hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. **94 S.Ct. at 2978-2980.** The record is clear that petitioner received a written notice of the charges in advance, had an opportunity to be heard, had an opportunity to call witnesses, and was given a written statement as to the evidence relied upon. Therefore, it is clear that Musawwir's due process rights were not violated at the hearing with regard to viewing a copy of the email.

Musawwir's third point is refuted by the record. He claims the BOP rules were violated because his charge was brought by an intelligence analyst at the CTU and not a BOP official. Doc. 1, p. 9. Petitioner states that the CTU is not the BOP and the intelligence analyst does not work for the BOP. Doc. 1, p. 9. As respondent points out, in November 2006 the BOP activated the CTU to assist and collaborate with correction agencies, law enforcement, and the intelligence community. **See, U.S. Dep't of Justice Fed. Bureau of Prisons,** ***State of the Bureau 2007*, p. 15, http://www.bop.gov/resources/pdfs/sob07.pdf (2007);** Doc. 7, p. 7**.** The intelligence analyst that brought the charge was a BOP official and petitioner's third claim is unsubstantiated.

Finally, petitioner's asserts that he was not given a 24 hour notice of the change from a Code 299 charge to a Code 296. Musawwir states that the code violation was changed during his hearing. However, the initial incident report states Musawwir violated Code 296. The DHO discussed how the violation could have been a Code 299, but in the end determined a Code 296 was most

appropriate. Doc. 1, Ex. E. The DHO did not appear to ever actually change the code violation for which petitioner was charged. He was initially told he was charged with a Code 296 violation and in the end was actually charged with that code violation. Petitioner was aware from the time the incident report was filed that he was charged with a Code 296 violation. The incident report was filed in November 2011 and his hearing was held in January 2012.  Therefore, Musawwir's due process was not violated as he had proper notice of the misconduct for which he was charged. S*alazar v. Wilson,* **489 Fed.Appx. 600, 603 (7th Cir. 2012).**

## Conclusion

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings. Therefore, the Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  August 21, 2015.**

                                                              s/ Clifford J. Proud
                                                              **CLIFFORD J. PROUD**
                                                              **UNITED STATES MAGISTRATE JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment.  Fed. R. App. P. 4(a)(B).  A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal.  See Fed. R. App. P.

24(a)(1)(C).  Petitioner is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended.  A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline.  Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).